UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTIAN BANKS,

                Plaintiff,

v.

MICHIGAN STATE UNIVERSITY,

                Defendant.

_____/

Case No. 1:23-cv-778

Hon. Robert J. Jonker

## REPORT AND RECOMMENDATION

This is a *pro se* civil action brought by Christian Banks against Michigan State University.  In this lawsuit, plaintiff is requesting "an immediate Temporary Restraining Order." Compl. (ECF No. 1, PageID.5).  In this regard, plaintiff's request for relief states:

> I am requesting an immediate order requiring Michigan State University to remove the financial hold on my student account and release my official transcripts.

> On Thursday, July 20, 2023, I was again denied access to my official transcripts. Michigan State University has refused to follow the Federal Guidelines for handling of mistakes made by the financial aid office despite multiple attempts to resolve these issues internally over the course of nearly four months.

> I am not requesting monetary damages because such damages would never be sufficient to compensate me for the irreparable harm caused by Michigan State University's continuing refusal to release my official transcripts.

> I am requesting that this Court issue an immediate injunction requiring Michigan State University to remove the hold from my student account and to release my official transcripts.

*Id*. at PageID.11.

## I.    Discussion

Pursuant to Fed. R. Civ. P. 65(b)(1),

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

"An ex parte temporary restraining order is an extraordinary remedy which will not be granted unless the movant clearly shows that such relief is warranted." *Fort Wayne Women's Health Organization v. Brane*, 734 F. Supp. 849, 850 (N.D. Ind. 1990).  "Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.  *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439 (1974).  *See First Technology Safety Systems, Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993) ("The normal circumstance for which the district court would be justified in proceeding ex parte is where notice to the adverse party is impossible, as in the cases where the adverse party is unknown or is unable to be found.").

Here, plaintiff has not provided the required affidavit or verified complaint to support his request for a temporary restraining order.  *See* Fed. R. Civ. P. 65(b)(1)(A).  In addition, *pro se* plaintiff has not certified in writing any efforts made to give notice to defendant and the reasons why it should not be required.  *See* Fed. R. Civ. P. 65(b)(1)(B).  Accordingly, plaintiff's motion for an ex parte temporary restraining order should be denied.

## II.    Recommendation

Accordingly, I respectfully recommend that plaintiff's motion for a temporary restraining order as set forth in his complaint (ECF No. 1) be **DENIED**.


Dated:  July 26, 2023                                    /s/ Ray Kent
                                                                        RAY KENT
                                                                        United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).